U.S. DISTRICT COURT
DISTRICT OF VERMONT
FILED

2013 JUN 25 PM 3: 31

CLERK
BY ___PC___
DEPUTY CLERK

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Case No. 5:12-cr-78 |
| ) | |
| BENJAMIN H. WEISINGER ) | |

**ENTRY ORDER GRANTING IN PART AND DENYING IN PART
DEFENDANT'S MOTION FOR JUDGMENT OF ACQUITTAL**
(Doc. 86)

This case comes to the court on Defendant Benjamin H. Weisinger's motion for judgment of acquittal. (Doc. 86.) On April 5, 2013, a jury in the District of Vermont found Defendant guilty of one count of knowingly inducing a minor to engage in sexually explicit conduct for the purpose of producing a visual depiction of such conduct, using materials that have been transported in interstate commerce in violation of 18 U.S.C. § 2251(a) (Count One), two counts of knowingly receiving child pornography in violation of 18 U.S.C. § 2252(a)(2) (Counts Two and Three), and one count of knowingly possessing child pornography in violation of 18 U.S.C. § 2252(a)(4)(B) (Count Four). The same minor victim, Defendant's ex-girlfriend's daughter, is depicted in the child pornography in all four counts.

Defendant asks the court to vacate his conviction for possession of child pornography (Count Four of the Second Superseding Indictment), arguing that that conviction is the lesser included offense of his conviction for receipt of child pornography (Count Two of the Second Superseding Indictment). Defendant moves for judgment of acquittal as to all remaining counts of conviction, claiming the evidence was insufficient to establish the interstate element of those charges.

I.  **Motion for Judgment of Acquittal: Lesser Included Offense.**

Although Defendant did not raise this issue at trial, the court agrees that the majority view is that possession of child pornography is a lesser included offense of

receipt of child pornography where, as here, the offenses are based upon the same image and the same range of dates.[1] The government does not oppose Defendant's motion with regard to Count Four, however, it reserves the right to request reinstatement of Count Four should Count Two be vacated on appeal. *See United States v. Osorio Estrada*, 751 F.2d 128, 135 (2d Cir. 1984) (Kearse, J., concurring) (observing that "it would have been appropriate to vacate the convictions on the two lesser-included offenses, on the condition that the convictions on those offenses would be reinstated in the event that the conviction on the greater offense, Count 1, were ever overturned for reasons not affecting the validity of the [other] convictions.").

For the foregoing reasons, the court hereby GRANTS IN PART Defendant's motion for judgment of acquittal, and VACATES Defendant's conviction for possession of child pornography (Count Four of the Second Superseding Indictment) as a lesser

---

[1] *See United States v. Dudeck*, 657 F.3d 424, 428-30 (6th Cir. 2011) (noting that Sixth Circuit has "held that possession under § 2252A(a)(5)(b) is a lesser-included offense of receipt under § 2252A(a)(2)(A)" and reviewing other circuits' decisions that "collectively indicate that while possession of child pornography is generally a lesser-included offense of receipt of child pornography, conviction under both statutes is permissible if separate conduct is found to underlie the two offenses") (citation omitted); *United States v. Muhlenbruch*, 634 F.3d 987, 1003-04 (8th Cir. 2011) (agreeing with "analysis of our sister circuits and recogniz[ing] that . . . proof of receiving child pornography under § 2252(a)(2) necessarily includes proof of illegal possession of child pornography under § 2252(a)(4)(B), and Congress did not intend to impose multiplicitous punishment for these offenses" and holding that convictions for both possession and receipt "based on the same conduct" violated Double Jeopardy Clause); *United States v. Bobb*, 577 F.3d 1366, 1373-75 (11th Cir. 2009) (concluding possession is lesser-included offense of receipt but allowing conviction to stand since it was "based on two distinct offenses, occurring on two different dates"); *United States v. Miller*, 527 F.3d 54, 71-72 (3d Cir. 2008) (holding possession is lesser-included offense of receipt, based on Supreme Court's decision in *Ball v. United States*, 470 U.S. 856 (1985), and that generally "possession of a contraband item is a lesser-included offense of receipt of the item"); *United States v. Schales*, 546 F.3d 965, 977 (9th Cir. 2008) ("[W]e find a double jeopardy violation because possession of sexually explicit material is a lesser-included offense of receipt of sexually explicit material and because the government has not sufficiently alleged separate conduct."); *see also United States v. Polouizzi*, 564 F.3d 142, 158-59 (2d Cir. 2009) (noting that that "the Ninth and Third Circuits have . . . concluded that § 2252A(a)(5)(B) (possession of child pornography) is a lesser-included offense of § 2252A(a)(2) (receipt of child pornography), because receiving an item necessitates taking possession of it" and stating that "we find the reasoning of [*United States v.*] *Davenport*[, 519 F.3d 940, 943-44 (9th Cir. 2008); *United States v.*] and *Miller*[, 527 F.3d 54, 71-72 (3r Cir. 2008)] persuasive.").

2

included offense of his conviction for receipt of child pornography (Count Two of the Second Superseding Indictment). The government may reinstate the charge in the event the conviction on Count Two is vacated on appeal.

## II. Motion for Judgment of Acquittal: Sufficiency of Evidence.

Defendant moves for a judgment of acquittal as to all remaining counts, renewing his challenge at trial to the sufficiency of the evidence with regard to the interstate commerce element of each count but conceding that the Second Circuit's precedent "weighs against this type of challenge." (Doc. 86 at 4.). As his sole argument, Defendant asserts that "the government has failed to meet its burden where, as in this case, the defendant and victim were within the same state and town" and thus "the government has failed to demonstrate any actual nexus with or to interstate commerce, and the only connection to interstate commerce in some cases was a text or email." (Doc. 86 at 5.) Similar to the manner in which this issue was raised at trial, Defendant cites no legal authority for his argument.

In challenging his conviction based upon the sufficiency of the evidence under Fed. R. Crim. P. 29, Defendant bears a "very heavy burden." *United States v. Bicaksiz*, 194 F.3d 390, 398 (2d Cir. 1999). The test for sufficiency is "whether a rational jury could conclude beyond a reasonable doubt that a defendant is guilty of a crime charged." *United States v. Eppolito*, 543 F.3d 25, 45 (2d Cir. 2008). The court "must review the evidence in the light most favorable to the government, drawing all reasonable inferences in its favor." *United States v. Archer*, 2011 WL 4360013, at *7 (2d Cir. Sept. 20, 2011) (quoting *United States v. Gaskin*, 364 F.3d 438, 459 (2d Cir. 2004)). It must also resolve "all . . . issues of credibility in favor of the verdict." *United States v. Howard*, 214 F.3d 361, 363 (2d Cir. 2000). The conviction must be sustained if "*any* rational trier of fact could have found the essential elements of a crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979).

The evidence at trial was presented over five days and included testimony from nineteen witnesses, as well as forensic evidence from Defendant's cell phone and computer, Internet and cellphone usage records, and a forensic evaluation of the victim's

3

cell phone. The government presented uncontested evidence that the computer used to produce the child pornography in question was manufactured outside the United States. *See United States v. Ramos*, 685 F.3d 120, 133 (2d Cir. 2012) (holding the use of "non-American made computers or digital equipment to produce child pornography satisfies the interstate or foreign commerce element.").

The government's evidence also showed that Defendant solicited and induced the production of child pornography through messages sent from his cell phone to the victim's cell phone which were routed by Verizon Wireless to a "switch" outside Vermont. The government demonstrated that the image set forth in Count Three travelled in interstate commerce in this manner. It thus matters not that the Defendant and the victim were located in the same state, and indeed the same household, because their communications used to facilitate the crime as well as the image of child pornography, itself, travelled in interstate commerce. *See United States v. Giordano*, 442 F.3d 30, 39 (2d Cir. 2006) (ruling the "intrastate use of [a] telephone constitute[s] use of a facility of interstate commerce" and thus can satisfy the jurisdictional commerce clause element of a federal offense).

Representatives from Google and Yahoo further testified that the servers for their companies are located outside of Vermont. The evidence showed that the image of child pornography in Counts One and Two was sent by Defendant from his Yahoo email account to his Google email account via the Internet. "The [I]nternet is an instrumentality of interstate commerce." *United States v. Hornaday*, 392 F.3d 1306, 1311 (11th Cir. 2004). Again, it matters not that the Defendant and the victim used the Internet from the same household and felt the primary impact of the crime there. "Congress clearly has the power to regulate the [I]nternet, as it does other instrumentalities and channels of interstate commerce, and to prohibit its use for harmful or immoral purposes regardless of whether those purposes would have a primarily intrastate impact." *Id.* As the Second Circuit held in *United States v. Holston*, 343 F.3d 83 (2d Cir. 2003) in addressing a constitutional challenge to 18 U.S.C. § 2251, "when Congress regulates a class of activities that substantially affect interstate commerce, '[t]he fact that certain intrastate

activities within this class . . . may not actually have a significant effect on interstate commerce is . . . irrelevant." *Id.* at 90 (citation omitted).

Examining the evidence in the light most favorable to the government, the Defendant has not sustained his "heavy burden" of establishing that no rational juror could find that the interstate or foreign commerce elements of Counts One, Two, and Three have been satisfied by the evidence introduced at trial.

## CONCLUSION

For the foregoing reasons, Defendant's Motion for Judgment of Acquittal (Doc. 86) is GRANTED with regard to Count Four and otherwise DENIED.
SO ORDERED.

Dated at Rutland, in the District of Vermont, this 25th day of June, 2013.

Christina Reiss, Chief Judge
United States District Court